**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CONSTITUTION PARTY OF MISSOURI, a Missouri nonprofit corporation; CYNTHIA L. REDBURN; GEORGE BLAGOUE; CHRISTOPHER CLEGG; SHELLY CLEGG; DAN FITZHENRY; WILLIAM RENAUD; TERRI STONER; and GARY WIGGINS, | |
| Plaintiffs, | |
| v. | |
| ST. LOUIS COUNTY, MISSOURI; ST. LOUS COUNTY BOARD OF ELECTION COMISSIONERS; RICHARD H. KELLETT, in his official capacity as Chairman of the St. Louis County Board of Election Commissioners; ANN PLEUMER, in her official capacity as Commissioner of the St. Louis County Board of Election Commissioners; JOHN P. KING, in his official capacity as Commissioner of the St. Louis County Board of Election Commissioners; JOHN W. MAUPIN, in his official capacity as Secretary of the St. Louis County Board of Election Commissioners; and MARY WALL, in her official capacity as Deputy Director the St. Louis County Board of Election Commissioners, | Case No. 4:15-cv-207<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF—CIVIL RIGHTS [42 U.S.C. § 1983] |

Complaint for Decl. & Inj Relief – Civil Rights

Case No. 4:15-cv-207

Page 1 of 13

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(314) 604-6621

Defendants.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. This civil rights lawsuit seeks to preserve and to vindicate the Plaintiffs' constitutional rights protected by the First and Fourteenth Amendments to the U.S. Constitution, including the right to associate for the advancement of political beliefs, the right to present oneself as a candidate for election to serve in political office, and the right to cast one's vote effectively regardless of one's political persuasion.

2. A vacancy currently exists on the St. Louis County Council ("the Council") in the seat reserved for a representative from the Sixth County Council District; the Council has called for a special election to be held on April 7, 2015, for the purpose of filling that vacancy.

3. Plaintiff Cynthia Redburn ("Redburn") lives in the Sixth County Council District, holds all the qualifications required to serve on the Council, and would like to be a candidate to represent that District on the Council.  Plaintiff Constitution Party of Missouri ("the Constitution Party") would like to nominate Redburn and to promote her candidacy for that office.  Plaintiffs A-F live in the Sixth County Council District and would like to vote for Redburn to represent their District on the Council.

4. The St. Louis County Charter § 2.150 ("§ 2.150"), completely forecloses any person or party from being listed as a candidate to fill a vacant seat on the Council except for nominees selected by political committees of "the two parties casting the highest vote for governor in the last election."

Complaint for Decl. & Inj Relief – Civil Rights  
Case No. 4:15-cv-207  
Page 2 of 13  
FREEDOM CENTER OF MISSOURI  
14779 Audrain Road 815  
Mexico, Missouri 65265  
(314) 604-6621

5. This restriction means that, regardless of any demonstration the Plaintiffs might make regarding voters' desire to cast ballots in support of the Constitution Party and/or Redburn, there is no way for either the Constitution Party or Redburn to be listed on the special election ballot that voters will use to select the next Council representative for the Sixth County Council District.

6. Pursuant to 42 U.S.C. § 1983, Plaintiffs seek declaratory judgment that § 2.150 is unconstitutional on its face and as applied to the Plaintiffs; permanent injunction against any future enforcement of that law or of any similar law or policy by the Defendants; an order requiring the St. Louis County Board of Election Commissioners ("the Board") to accept Redburn's Declaration of Candidacy and to list her on the April 7, 2015, special election ballot as the Constitution Party's nominee to serve the Sixth County Council District or, in the alternative, as an independent candidate for that office; and reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

**JURISDICTION AND VENUE**

7. The Plaintiffs bring this civil rights lawsuit pursuant to the First and Fourteenth Amendments to the United States Constitution; the Civil Rights Act of 1871, 42 U.S.C. §1983; and the Declaratory Judgments Act, 28 U.S.C. § 2201. The Plaintiffs seek a declaratory judgment that § 2.150 ("§ 2.150") is unconstitutional both on its face and as applied to the Plaintiffs, and they seek preliminary and permanent injunctive relief prohibiting the Defendants from applying § 2.150 against the Plaintiffs or any other similarly situated persons or organizations.

8. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal questions arising under the constitution and statutory laws of the United States), § 1343(a)(3) (an action brought to redress deprivations under color of state law of rights, privileges, and

Complaint for Decl. & Inj Relief – Civil Rights

Case No. 4:15-cv-207

Page 3 of 13

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(314) 604-6621


immunities secured by the U.S. Constitution), and § 1343(a)(4) (an action to secure equitable relief under an act of Congress providing for the protection of civil rights, specifically under 42 U.S.C. § 1983). Venue is proper in the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b). The Defendants are located in the Eastern District and all of the acts and/or omissions which give rise to the claims herein occurred in this District. Divisional venue is in the Eastern Division because the events leading to the claims for relief arose in the County of St. Louis, Missouri.  E.D.MO.L.R. 2.07(A)(3), (B)(1).

## THE PARTIES

9. Plaintiff Constitution Party of Missouri is a Missouri nonprofit corporation and an affiliate of the national Constitution Party, a political organization that advocates commitment to the principles expressed in the Declaration of Independence, the U.S. Constitution, and the Bill of Rights.  The Constitution Party regularly nominates and supports candidates for office at the national, state, and local levels, in part because the Constitution Party and its members believe that their interests are not represented by the candidates typically put forward for office by the Republican and Democrat parties.  The Constitution Party of Missouri is directly harmed by § 2.150 because that provision, both on its face and as applied in this case, completely precludes the Constitution Party – or any other political party other than the Democrat and Republican parties – from placing a nominee on the ballot for the special election to fill the Sixth County Council District vacancy on the St. Louis County Council.

10. Plaintiff Cynthia Redburn is a member of the Constitution Party who lives in the Sixth County Council District and wishes to represent her district as a member of the Council. Redburn meets the qualifications to serve on the Council because she has been a qualified voter and resident of the Sixth County Council District for more than two years.  In 2014 Redburn was

Complaint for Decl. & Inj Relief – Civil Rights

Case No. 4:15-cv-207

Page 4 of 13

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(314) 604-6621

the Constitution Party's nominee for election to serve State Representative District 96 in the Missouri General Assembly, receiving 2,380 votes at the General Election. The Sixth County Council District shares a significant amount of territory with State Representative District 96 and Redburn believes that many of the citizens who voted for her in 2014 would also vote for her to represent the Sixth County Council District on the Council. Redburn is directly harmed by § 2.150 because that provision, both on its face and as applied in this case, completely precludes Redburn from attaining a place on the ballot for the special election to fill the Sixth County Council District vacant seat on the St. Louis County Council.

11. Plaintiffs George Blagoue, Christopher Clegg, Shelley Clegg, Dan Fitzhenry, William Renaud, Teri Stoner, and Gary Wiggins are all supporters of the Constitution Party and registered voters who live in the Sixth County Council District. They intend to vote in the April 7, 2015, special election and they would like to cast their ballots for Redburn, especially if Redburn is listed on the ballot as a nominee of the Constitution Party. These Plaintiffs do not believe the nominees put forward as candidates for this election by the Democrat and Republican parties adequately represent the Plaintiffs' interests and they do not wish to vote for either the Democratic or Republican nominees. These voters are directly and severely harmed by § 2.150 because that provision, both on its face and as applied in this case, denies them any opportunity whatsoever to use the April 7, 2015, special election to express their political preferences by voting for either their preferred party or their preferred candidate.

12. Defendant St. Louis County ("the County") is a municipal corporation and a home rule charter county duly organized under the laws of the state of Missouri; Missouri law allows the County to sue and be sued. St. Louis County Charter, § 1.010.

13. Defendant St. Louis County Board of Election Commissioners ("the Board") is the

Complaint for Decl. & Inj Relief – Civil Rights
Case No. 4:15-cv-207
Page 5 of 13
FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(314) 604-6621

governmental entity charged with conducting elections in St. Louis County.

14. Defendants Richard H. Kellett, Ann Pleumer, John P. King, and John W. Maupin comprise the Board; each is named herein in his or her official capacity. Upon information and belief, Defendants Kellett and Pleumer are members of the Democrat Party and Defendants King and Maupin are members of the Republican Party.

15. Defendant Mary Wall is a deputy director of the Board; she refused to accept Redburn's paperwork to become a candidate for the special election to fill the vacant Sixth County Council District seat on the Council.

16. At all times relevant to this Complaint, Defendants acted under color of law.

## GENERAL ALLEGATIONS

17. St. Louis County Charter § 2.020 states:

> "The [St. Louis County] council shall consist of seven members, each of whom shall be a qualified voter and resident in his district for at least one year preceding his nomination, and shall continue to reside therein during his incumbency except as otherwise provided in this charter. Each member shall have resided in the county for at least two years next before his election."

18. St. Louis County Charter § 2.150 states:

> "Any vacancy occurring in the council shall be filled at the next general or special election called in accordance with statute. Nominations for election to fill a vacancy shall be made in accordance with statute by the committee men and committee women of each of the two parties casting the highest vote for governor in the last election whose townships lie in whole or in part within the council district wherein the vacancy exists. Any person nominated and elected

1 must have the same qualifications otherwise established in this charter for the

2 office.  Upon certification of the results of the election by the office or officer

3 charged with conducting elections in the county, the winner of the election shall

4 take office immediately and shall hold office for the unexpired term."

5     19. On November 6, 2012, Steve Stenger was elected to serve a four-year term as the

6 Sixth County Council District representative to the Council.

7     20. On November 4, 2014, Stenger was elected to become the new St. Louis County

8 Executive.

9     21. On December 31, 2014, Stenger submitted his resignation as Councilman for the

10 Sixth Council District of St. Louis County, thereby vacating the Sixth County Council District's

11 seat on the Council.

12     22. On January 13, 2015, the Council began consideration of Bill No. 4, 2015, which

13 would call and provide for a special election in the Sixth County Council District on April 7,

14 2015, for the purpose of electing a new council member to serve out Stenger's unexpired term of

15 office.

16     23. On January 20, 2015, the Council voted to pass Bill No. 4, 2015.

17     24. On January 21, 2015, County Executive Stenger endorsed Bill No. 4, 2015, and

18 returned it to the Council's Administrative Director, at which point the bill became St. Louis

19 County Ordinance No. 25,985, 2015.

20     25. Also on January 21, 2015, Plaintiff Redburn presented to Defendant Wall for filing

21 (1) a declaration of candidacy for election to represent the Sixth County Council District on the

22 Council (a copy of which is attached as Plaintiffs' Exhibit 1); (2) a completed, signed, and

23 notarized copy of Missouri Department of Revenue Form 5120 indicating that Redburn is

24

Complaint for Decl. & Inj Relief – Civil Rights  
Case No. 4:15-cv-207  
Page 7 of 13  
FREEDOM CENTER OF MISSOURI  
14779 Audrain Road 815  
Mexico, Missouri 65265  
(314) 604-6621

unaware of any current liability for tax delinquencies (a copy of which is attached as Plaintiffs' Exhibit 2); and (3) a letter from Doug Enyart, Chair of the Constitution Party of Missouri, nominating Redburn as the Constitution Party's candidate for the April 7, 2015, special election (a copy of which is attached as Plaintiffs' Exhibit 3).

26. Defendant Wall declined to accept Redburn's paperwork, stating that § 2.150 only authorized the Board to accept nominees from "each of the two parties casting the highest vote for governor in the last election[.]" A copy of Defendant Wall's official letter rejecting Redburn's nomination by the Constitution Party is attached as Plaintiff's Exhibit 4.

27. The two parties casting the highest vote for governor in the most recent gubernatorial election were the Democratic Party and the Republican Party.

28. On January 22, 2015, Redburn again spoke to Wall and asked if Redburn could qualify as an independent candidate by submitting a declaration of candidacy accompanied by a prescribed number of signatures of registered voters from the Sixth County Council District. Wall immediately responded that § 2.150 applied to independent candidates as well and that the Board could *only* accept as candidates persons nominated by the two parties casting the highest vote for governor in the last election[.]"

29. Thus, because of § 2.150, the Board refuses to accept any persons as candidates for the vacant Sixth County Council District seat other than those persons nominated for that office by the Democrat and Republican parties, regardless of a party's or independent candidate's willingness or ability to provide signatures demonstrating public support for their inclusion on the ballot.

30. The Plaintiffs believe that Defendant Wall's interpretation of § 2.150 is accurate and that the provision was intended to permit only persons nominated by "the two parties casting

Complaint for Decl. & Inj Relief – Civil Rights  
Case No. 4:15-cv-207  
Page 8 of 13  
FREEDOM CENTER OF MISSOURI  
14779 Audrain Road 815  
Mexico, Missouri 65265  
(314) 604-6621

the highest vote for governor in the last election" to be considered on a special election ballot to fill a vacancy on the Council.  The Plaintiffs also believe that any legal provision, including § 2.150, that completely bars minor parties and independent candidates from being considered in an election for public office violates the First and Fourteenth Amendments to the U.S. Constitution and cannot be enforced.

31. Over the past several decades the U.S. Supreme Court has reviewed numerous laws that required political parties and/or would-be candidates for political office to satisfy various requirements before they could be listed on a ballot for an election.  Although the Supreme Court has recognized that states may be justified in imposing certain limits regarding who may be listed on an election ballot, the court has also stated that "the right to elect legislators in a free and unimpaired fashion is a bedrock of our political system," *Reynolds v. Sims*, 377 U.S. 533, 562 (1964), and that "[r]estrictions on access to the ballot burden two distinct and fundamental rights, the right of individuals to associate for the advancement of political beliefs, and the right of qualified voters, regardless of their political persuasion, to cast their votes effectively." *Illinois State Bd. of Elections v. Socialist Workers Party*, 440 U.S. 173, 184 (1979).

32. The U.S. Supreme Court has also stated that both minority parties and individuals have an important constitutional interest in the availability of political opportunity, and that "[t]he right of a party or an individual to a place on a ballot is entitled to protection and is intertwined with the rights of voters." *Lubin v. Panish*, 415 U.S. 709, 716 (1974).

33. The U.S. Supreme Court has established a standard to guide courts that are considering constitutional challenges to restrictions on citizens' involvement in elections:

> (The court) must first consider the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that

Complaint for Decl. & Inj Relief – Civil Rights

Case No. 4:15-cv-207

Page 9 of 13

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(314) 604-6621

the plaintiff seeks to vindicate. It then must identify and evaluate the precise interests put forward by the State as justifications for the burden imposed by its rule. In passing judgment, the Court must not only determine the legitimacy and strength of each of those interests; it also must consider the extent to which those interests make it necessary to burden the plaintiff's rights. Only after weighing all these factors is the reviewing court in a position to decide whether the challenged provision is unconstitutional.

*Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983).

34. The Eighth Circuit recently opined that a regulation which removes all realistic chance for a minor party or independent candidate to access the ballot "cannot be justified by any state interest, no matter how compelling the interest may be." *Libertarian Party of North Dakota v. Jaeger*, 659 F.3d 687, 694 (8th Cir. 2011) (citing *American Party of Texas v. White*, 415 U.S. 767 (1974) and *MacBride v. Exon*, 558 F.2d 443, 449 (8th Cir. 1977)).

35. Although it is common for courts to deal with claims concerning the violation of various constitutional rights by assessing each asserted right in a separate count, the U.S. Supreme Court has determined that election-related cases involve an array of overlapping constitutional rights (or "interwoven strands of liberty") protected under the First and Fourteenth Amendments, which do not lend themselves to separate assessment. Instead, courts assessing government restrictions on citizens' participation in the political process are required to analyze the overall effect of those restrictions on citizens' constitutional rights, rather than attempting to address each constitutional issue independently. *See, e.g., Crawford v. Marion County Election Board*, 553 U.S. 181 (2008); *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442 (2008); *Buckley v. American Constitutional Law Foundation, Inc.*, 525 U.S. 182 (1999); *Timmons*

Complaint for Decl. & Inj Relief – Civil Rights
Case No. 4:15-cv-207
Page 10 of 13
FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(314) 604-6621

1    *v. Twin Cities Area New Party*, 520 U.S. 351 (1997); *Burdick v. Takushi*, 504 U.S. 428 (1992);

2    *Norman v. Reed*, 502 U.S. 279 (1992); *Eu v. San Francisco County Democratic Central*

3    *Committee*, 489 U.S. 214 (1989); *Anderson v. Celebrezze*, 460 U.S. 780 (1983).

        36.     The effect of § 2.150, both on its face and as applied by the Board and Defendant Wall, is to prevent voters from considering anyone but two hand-picked representatives of either the Democrat or Republican parties to fill a vacancy on the Council. This means that voters in the Sixth County Council District whose interests are not reflected by either the Democrat or Republican parties or their nominees have no possibility whatsoever of casting a meaningful vote in a special election to fill a vacancy on the Council.

        37.     Section 2.150 completely prevents minor parties from attaining the ballot in a special election to fill a vacancy on the Council, regardless of the minor party's willingness and ability to demonstrate public support for their party and/or the party's nominee.  This prevents party members and other citizens from associating for the purpose of advancing their mutual political beliefs.

        38.     Section 2.150 completely prevents independent candidates from attaining the ballot in a special election to fill a vacancy on the Council, regardless of the independent candidate's willingness or ability to demonstrate public support for their candidacy; a would-be independent candidate could offer the signatures of every voter in the district in support of her candidacy and § 2.150 would prevent the Defendants from putting that candidate on the ballot. This deprives would-be independent candidates of their right to effectively petition their government, to realize political opportunity, and to present themselves to voters as a candidate for election to serve in political office.

        39.     The right to vote is heavily burdened if that vote may only be cast for one of two

parties at a time when other parties wish to have a place on the ballot.  Similarly, the right to vote is heavily burdened if a vote may only be cast for one of two candidates in a special election at a time when other candidates wish to have a place on the ballot.

40.    None of the Defendants can identify any compelling government interest that would justify the total exclusion of minor parties and independent candidates from a special election ballot to fill a vacancy on the Council.

41.    The number of votes cast statewide for gubernatorial candidates in 2012 is completely irrelevant to the level of support a minor party or independent candidate might expect in the Sixth County Council District in 2015.  It is completely irrational for § 2.150 to permit Democrat and Republican nominees to become candidates to fill the Sixth County Council District's vacancy on the Council without demonstrating *any* significant public support for their candidacy, while at the same time refusing to allow minor party nominees or independent candidates for the same office any way of demonstrating public support for their candidacy.

42.    By reason of the County's passage of § 2.150 and the Board's continuing enforcement of § 2.150, each of the Plaintiffs is suffering injury to their constitutional rights and is entitled to the relief requested.

**DEMAND FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully request that the Court enter an order:

(a)    Declaring that St. Louis County Charter § 2.150 violates the First and Fourteenth Amendments to the U.S. Constitution, both on its face and as applied to the Plaintiffs in this case;

(b)    Enjoining the Defendants and their successors from enforcing § 2.150 or any other law that absolutely precludes minor parties or independent candidates from qualifying to be listed on a ballot for a special election;

Complaint for Decl. & Inj Relief – Civil Rights
Case No. 4:15-cv-207
Page 12 of 13
FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(314) 604-6621

(c)     Ordering the Defendants to place Redburn on the April 7, 2015, special election ballot as the Constitution Party's nominee to represent the Sixth County Council District on the Council or, in the alternative, enjoining the Defendants from holding a special election to fill the current vacancy on the St. Louis County Council until the Defendants have been given a constitutionally adequate opportunity to qualify to be listed on the ballot for that special election;

(d)     Granting Plaintiffs' attorneys' fees and costs, pursuant to 42 U.S.C. § 1988; and

(e)     Granting any other relief that the Court may determine to be just and equitable.

Dated this 30th day of January, 2015.          Respectfully submitted,

_____
DAVID E. ROLAND, #60548MO
Freedom Center of Missouri
14779 Audrain Road 815
Mexico, Missouri 65265
Phone: (314) 604-6621
Fax:    (314) 720-0989

ATTORNEY FOR PLAINTIFFS