UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONSTITUTION PARTY OF MISSOURI et al., | ) ) ) |
| Plaintiffs, | ) ) No. 4:15-CV-207 RLW |
| v. | ) ) ) |
| ST. LOUIS COUNTY, MISSOURI, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's Motion to Dismiss (ECF No. 17). This matter is fully briefed and ready for disposition.

## BACKGROUND[1]

In Plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint"; ECF No. 1), Plaintiffs asked that Plaintiff Cynthia Redburn be certified as the Constitution Party's nominee for the April 7, 2015 special election in St. Louis County and be listed on the ballot. On February 10, 2015, the parties entered into a Joint Motion for Entry of a Consent Judgment ("Joint Motion") for entry to enjoin enforcement of St. Louis County Charter §2.150,[2] direct

---

[1] When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] St. Louis County Charter § 2.020 states:
> "The [St. Louis County] council shall consist of seven members, each of whom shall be a qualified voter and resident in his district for at least one year preceding his nomination, and shall continue to reside therein during his incumbency except as otherwise provided in this charter. Each member shall have resided in the county for at least two years next before his election."

Section 2.150 of the St. Louis County Charter provides:

certification of Plaintiff Redburn's nomination as the Constitution Party's candidate for the Sixth Council District seat on the County Council, and place her named on the ballot for the April 7, 2015 special element.  (ECF No. 9).  The Court entered the Consent Judgment (ECF No. 10) on February 11, 2015, adopting the parties' agreement, and an Amended Judgment Without Objection on February 12, 2015 (ECF No. 14).

In the Motion to Dismiss, Defendant St. Louis County argues that Plaintiffs' Complaint should be dismissed because, based upon the Joint Motion and the Court's February 11, 2015 Order, there is no reasonable expectation of a future wrong to the Plaintiffs.

## **STANDARD FOR MOTION TO DISMISS**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff.  *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)).  Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party."  *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted).  To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P.

---

"Any vacancy occurring in the council shall be filled at the next general or special election called in accordance with statute. Nominations for election to fill a vacancy shall be made in accordance with statute by the committee men and committee women of each of the two parties casting the highest vote for governor in the last election whose townships lie in whole or in part within the council district wherein the vacancy exists. Any person nominated and elected must have the same qualifications otherwise established in this charter for the office. Upon certification of the results of the election by the office or officer charged with conducting elections in the county, the winner of the election shall take office immediately and shall hold office for the unexpired term."

12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## DISCUSSION

**I.     Case or Controversy**

The Eighth Circuit has discussed the requirements for an actual controversy within the context of the Declaratory Judgment Act:

> Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto. *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (citing *Marbury v. Madison,* 5 U.S. (1 Cranch) 137), 2 L.Ed. 60, *reh'g denied* 476 U.S. 1132, 106 S.Ct. 2003, 90 L.Ed.2d 682 (1986). The case or controversy requirement of Article III applies with equal force to actions for declaratory judgment as it does to actions seeking traditional coercive relief. *Foster v. Center Township of La Porte County,* 798 F.2d 237, 242 (7th Cir.1986). The test to determine whether there is an actual controversy within the meaning of the Declaratory Judgment Act is whether "there is a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Caldwell v. Gurley Refining Co.,* 755 F.2d 645 (8th Cir.1985) (citing *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941)); *Lake Carriers' Assn. v. MacMullan,* 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972).
>
> Because the test to determine the existence of a "substantial controversy" is imprecise, the decision of whether such controversy exists is made upon the facts on a case by case basis. *Golden v. Zwickler,* 394 U.S. 103, 108, 89 S.Ct. 956, 959, 22 L.Ed.2d 113 (1969). The controversy must be live throughout the course of the litigation and must exist at the time of the district court's hearing of the matter and not simply when the case is filed. *Id.; United States Fire Insurance Co. v. Caulkins Indiantown Citrus Co.,* 931 F.2d 744 (11th Cir.1991).

*Marine Equip. Mgmt. Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993).

Defendant St. Louis County ("Defendant") argues that Plaintiffs have been afforded complete relief in this lawsuit and every justiciable issue has been resolved.  (ECF No. 18 at 2-3).  Defendant argues that the Consent Judgment mandates that the parties, their officers, agents, servants, employees, attorneys, and "other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)" will be bound by an order for injunctive relief.  (ECF No. 18 at 3).  Defendant maintains that Plaintiffs cannot demonstrate the existence of any real or immediate threat that they will be wronged in the future.  Defendant admits that the parties agreed that the Consent Judgment left "open the question of whether St. Louis County Charter §2.150, on its face, violates the First and Fourteenth Amendments by completely excluding minor parties and independent candidates from future special elections to fill vacancies on the St. Louis County Council."  *See* ECF No. 14 at 2.  Defendant, however, maintains that Plaintiffs' "present claims are nonexistent and their future claims depend entirely on events that most probably will never occur" and, therefore, "this matter is no longer ripe for adjudication."  (ECF No. 18 at 5).  Defendant contends that it never agreed that "critical fundamental issues such as justiciability, standing and abstention were resolved and that the sole issue for determination was the facial constitutionality of §2.150."  (ECF No. 23 at 2).  Defendant claims that this case does not fall within the "capable of repetition yet evading review" exception to the mootness doctrine because the "rare circumstance of this case, an emergency election to fill a council seat vacated by a newly-elected County Executive, are unique and unlikely to recur in the future." (ECF No. 23 at 4).

In response, Plaintiffs argue that the Court's Consent Judgment of February 11, 2015 and Amended Judgment of February 12, 2015, entered into with the consent of Defendant's attorney, explicitly state that the Judgments did not fully resolve the issues in the case and did not moot

the case, but that the Court would proceed to resolve the question of whether §2.150 facially violates the First and Fourteenth Amendments by completely excluding minor parties and independent candidates from future special elections.  (ECF No. 20 at 3).  Plaintiffs argue that this case presents a justiciable controversy because the County will continue to enforce §2.150 and apply it to exclude Plaintiff Redburn and/or Plaintiff Constitution Party of Missouri (as well as every other minor party and independent candidate) from the ballot in future special elections, and the parties agreed to resolve this issue in this case.  (ECF No. 20 at 4-5).   That is, Plaintiffs contend that if the Court does not resolve their challenge to the validity of §2.150, then the Court will likely confront the same plaintiffs, same defendants, and same constitutional issues in the future.  (ECF No. 20 at 5).

Further, Plaintiffs believe that this lawsuit is not moot because it is "capable of repetition, yet evading review." *Weinstein v. Bradford*, 423 U.S. 147, 148, (1975); ECF No. 20 at 6-10).  Plaintiffs note that the Eighth Circuit has reinforced that position that "[r]egardless of [a plaintiff's] candidacy in any future election, election law controversies tend not to become moot."   (ECF No. 20 at 10 (citing *McLain v. Meier*, 637 F.2d 1159, 1162 (8th Cir. 1980)).  Plaintiffs assert that "anything short of a permanent injunction preventing future enforcement of §2.150, leaves open the possibility that this same provision will be applied to keep Plaintiff Redburn or some other candidate nominated by Plaintiff Constitution Party of Missouri off the ballot when another vacancy opens on the St. Louis County Council."  (ECF No. 20 at 11).

"Election issues are among those most frequently saved from mootness by" the capable of repetition yet evading review exception to the mootness doctrine.  *Van Bergen v. State of Minn.*, 59 F.3d 1541, 1547 (8th Cir. 1995).  "Elections, including the preelection campaign period, are almost invariably of too short a duration in which to complete litigation and, of course, recur at

- 5 -

regular intervals." *Id*. The Court believes that the situation presented in this case is likely to present itself again, given that Plaintiffs are involved in politics and their continued involvement is "far from merely theoretical." *Van Bergen*, 59 F.3d at 1547. Although there is not a vacancy currently in the County Council, there is a reasonable probability that such an opportunity will present itself in the future. Based upon the likelihood of repetition, the Court finds that Plaintiffs have alleged a live controversy that is ripe for adjudication.

## II.     Standing

The United States Supreme Court has addressed the three elements to establish standing:

> Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, … and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" ... Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." *Simon v. Eastern Ky. Welfare Rights Organization,* 426 U.S. 26, 41–42, 96 S.Ct. 1917, 1926, 48 L.Ed.2d 450 (1976). Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Id.,* at 38, 43, 96 S.Ct., at 1924, 1926.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992).

Defendant argues that Plaintiffs lack standing to assert a claim in federal court because there is no pending case or controversy under Article III of the United States Constitution. (ECF No. 18 at 4). Defendant claims that Plaintiff cannot put forth a claim for equitable relief on behalf of hypothetically wronged and unnamed parties. (ECF No. 18 at 5). Defendant argues that this Court should apply the reasoning of the Eighth Circuit in *Constitution Party of S. Dakota v. Nelson*, 639 F.3d 417, 421 (8th Cir. 2011) and find that none of the plaintiffs had suffered an

injury-in-fact caused by enforcement of the statute and that could be redressed by a favorable decision.  (ECF No. 23 at 2-3).

Plaintiffs claim that they have standing to continue with their lawsuit not only to redress the injuries already suffered as a result of Defendants' application of §2.150, but also because they face the threat of future exclusions from the ballot if this Court does not declare §2.150 unconstitutional and permanently enjoin future enforcement of §2.150.  (ECF No. 10 at 5).

The Eighth Circuit has held that "'general factual allegations of injury resulting from the defendant's conduct' will suffice to establish Article III standing at the pleading stage, 'for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support [a contested] claim.'" *Nelson*, 639 F.3d at 420-21 (citing *Lujan*, 504 U.S. at 561).  The Court holds that at this stage Plaintiffs have alleged a threat of future injury that is sufficient to maintain a cause of action at the motion to dismiss stage.  As stated, there is a reasonable likelihood that another vacancy in the County Council will present itself and the likelihood of injury to Plaintiffs will again arise.  As a result, the Court holds that Plaintiffs' challenge to St. Louis County Charter §2.150 is not moot, despite Ms. Redmund's participation as an independent candidate in the April 7, 2015 special election.

    Accordingly

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 17) is **DENIED**.

Dated this 25th day of June, 2015.

*Ronnie L. White*
    **RONNIE L. WHITE**
    **UNITED STATES DISTRICT JUDGE**